## MORRIS

### *v.*

### LYON.

(*Supreme Court of Appeals of Virginia, May 5, 1887.*)

[2 S. E. Rep. 515.]

**Pleading—Defective Replication—Amendment—Statute of Limitations.**

In an action of detinue, the replication to defendant's plea of the statute of limitations being insufficient, a demurrer thereto was sustained, and the action dismissed. The declaration contained the averments for the lack of which the replication was defective: *held*, that the judgment dismissing the action was erroneous; that plaintiff should have had leave to amend his replication.

**Same—Same—Action of Detinue—Statute of Limitations.**

In an action of detinue, defendant pleaded the statute of limitations, and plaintiff replied that within five years, etc., defendant acknowledged the article detained to be plaintiff's property: *held* insufficient, in not averring a promise to deliver the possession.

*S. D. Davies* and *D. L. Pulliam*, for appellant.

*Guy & Gilliam* and *John Lyon*, for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error and supersedeas to a judgment of the circuit court of the city of Richmond, rendered on the twenty-fourth day of May, 1886, in an action of detinue, in which Robert F. Morris is plaintiff, and John Lyon is defendant. The declaration was filed at September rules, 1885. It alleges that in October or November, 1873, the said Robert F. Morris deposited with the said John Lyon a very valuable diamond cross breastpin, worth $2,000, as a pledge or security for the payment of $500, which he,

the said Morris, then owed to him, the said Lyon, for professional services as a lawyer. The said deposit was made under an express understanding and agreement that the breastpin should be redelivered to the said Morris whenever he should have paid the said sum of $500. The said debt of $500, thus secured, was in fact fully paid to the said Lyon, as alleged in the declaration, during the year 1874, and on the eleventh of December of that year the said Lyon delivered to the said Morris a written receipt for the same, but the said Lyon failed to return the said breastpin, as, under the said contract of bailment, he was bound to do. And the declaration, after averring that, by reason of the facts averred as aforesaid, the said plaintiff thereupon became entitled to have and recover from the said defendant the diamond cross breastpin aforesaid, averred as follows : "And afterwards, to wit, on the thirtieth day of January, 1884, the said defendant expressly promised in writing to redeliver the same to the said plaintiff. Nevertheless, the said defendant, although often requested so to do, has not as yet delivered the said diamond cross breastpin to the said plaintiff, but has hitherto wholly neglected and refused, and still neglects and refuses, so to do, and still unjustly detains the same from the said plaintiff, to the damage of the said plaintiff $2,500; wherefore," etc.

The defendant demurred to the declaration, and his demurrer was overruled. He also pleaded *non detinet,* and a special plea to which there were replications and issues joined; and he pleaded also the statute of limitations, to which plea the plaintiff replied that "within five years next before this action was brought, to wit, on the thirtieth day of January, 1884, the defendant acknowledged the diamond cross breastpin, in the declaration mentioned, to be the property of the plaintiff." To this replication the defendant demurred, and the court sustained the demurrer, and gave judgment dismissing the plaintiff's action, with costs against the plaintiff.

The circuit court held that as the form of the action is detinue, and the plaintiff is suing in a common-law court as bailor against a bailee, the replication to the plea of the statute of limitations is insufficient to sustain the suit, because it alleges simply that the defendant admitted the right of property in the thing detained to be in the plaintiff, which might all be true, and yet consist with the right of possession or detention in the defendant, and also that the said replication does not allege that the said acknowledgment made by the defendant in 1884 was made in writing, and signed as required by the tenth section of chapter 146 of the Code of 1873. The gist of the action is an unjust detention by the defendant of the plaintiff's property, and the plaintiff therefore must not only reply that the defendant acknowledged the plaintiff's right of property, but that he also promised in writing to deliver the possession.

We concur with the circuit court in the view that the replication of the plaintiff to the defendant's plea of the statute of limitations is defective and insufficient technical pleading ; yet, as the declaration (which was admitted to be true in all its averments by the demurrer of the defendant thereto) contained the express averment (as if in anticipation of the plea of the statute of limitations), ''And afterwards, to wit, on the thirtieth day of January, 1884, the said defendant expressly promised in writing to redeliver the same [diamond cross breastpin] to the said plaintiff,'' the circuit court erred in dismissing the plaintiff's action upon the mere demurrer to the defective replication.

We are of opinion to reverse and annul the judgment, and remand the case, with instructions to allow the plaintiff to amend his replication, or plead otherwise as he may be advised, and to try the issues properly joined in the pleadings.

Reversed.